## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| BARBARA A. MCINTYRE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Docket No.: 1:14-CV-83-JCN |
| v. | ) | |
| | ) | |
| AFFILIATED LABORATORY, INC., | ) | |
| et al. | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* REGARDING CERTAIN EVIDENTIARY ISSUES**

Plaintiff moves *in limine* to exclude 1) Ms. McIntyre's Social Security records, and the testimonial evidence that Plaintiff applied for and received Social Security disability benefits; and 2) unemployment records, and testimony concerning Ms. McIntyre's application for, and receipt of, unemployment benefits.

Social Security Disability

Documents relating to Social Security Disability (SSD) benefits have little relevance, as the definition of a disability to qualify for Social Security benefits is different from the definition of disability under the Maine Human Rights Act (MHRA).  To be protected under the MHRA, a person has to be a "qualified individual with a disability," which is defined as "an individual with a physical or mental disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that the individual holds or desires." 5 M.R.S. § 4553(8-D).  That definition is analogous to the language in the Americans with Disabilities Act (ADA).  The U.S. Supreme Court discussed the distinctions between the ADA and the Social Security definitions of disability at length in *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795 (1999).  In *Cleveland*, the Court noted that, unlike the ADA, "when the SSA

determines whether an individual is disabled, for SSDI purposes, it does not take the possibility

of 'reasonable accommodation' into account, nor need an applicant refer to the possibility of

reasonable accommodation when she applies for SSDI." *Id.* at 803.  The fact that Ms. McIntyre

claims that she would be able to perform the essential functions of her job with reasonable

accommodations is not inconsistent with her claim for Social Security benefits.

The fact that Ms. McIntyre has applied for, and received, SSD benefits is not relevant to

the issues of liability or compensatory damages, which are issues to be decided by the jury.

Back pay and front pay are equitable remedies to be determined by the Court subsequent to the

jury trial.  Since the jury does not award back pay or front pay, the receipt of evidence relating to

SSD benefits would unnecessarily confuse the jury as to the issues for its decision and may

mislead the jury into believing that it should award reduced compensatory or punitive damages

because the Ms. McIntyre received disability benefits.   Moreover, at least as to Plaintiff's claim

under the Maine Human Rights Act, the receipt of SSD benefits is inadmissible when it comes to

the award of back pay or front pay.  The Law Court has applied the collateral source rule to

employment discrimination cases.  *See, e.g. Maine Human Rights Comm. v. Department of*

*Corrections*, 474 A.2d 860 (Me. 1984) (holding that the back pay award to the victim of

unlawful employment discrimination should not be reduced by unemployment compensation

benefits due to the collateral source rule).

Accordingly, evidence relating to Ms. McIntyre's Social Security records, and the

testimonial evidence that Plaintiff applied for and received Social Security disability benefits,

should be excluded.

Unemployment Compensation

Ms. McIntyre received unemployment benefits after she had been terminated by

Defendant.  Unemployment benefits are a collateral source which cannot be deducted from a

back pay award.  *See id.*  As these benefits would not even be considered by this Court post-trial

when determining back pay, injection of this issue before the jury when the only issues before it

are the reasons for discharge and damages, would be irrelevant and inappropriate.  Accordingly,

unemployment records, and testimony concerning Ms. McIntyre's application for, and receipt of,

unemployment benefits should be excluded.


Dated:  December 11, 2015              */s/ Erik M. P. Black*
                                       Erik M. P. Black, Esq.; BRN 4733
                                       Arthur J. Greif, Esq.; BRN 2551
                                       Julie D. Farr, Esq.; BRN 8161
                                       Gilbert & Greif, P.A.
                                       82 Columbia Street
                                       P.O. Box 2339
                                       Bangor, Maine 04402-2339
                                       Attorneys for Plaintiff


CERTIFICATE OF SERVICE


        I, Erik M. P. Black, Esq., attorney for Plaintiff, hereby certify that on this date I
electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will
send notification of such filing(s) to all registered participants.


Dated:  December 11, 2015              */s/ Erik M. P. Black*
                                       Erik M. P. Black, Esq.
                                       Attorney for Plaintiff