## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| BARBARA A. MCINTYRE, )<br>)<br>Plaintiff )<br>) Civil Docket No.: 1:14-CV-83-JCN<br>v. )<br>)<br>AFFILIATED LABORATORY, INC., )<br>et al. )<br>)<br>Defendants ) | |

**PLAINTIFF'S MOTION FOR THE USE OF A JURY QUESTIONNAIRE**

Plaintiff moves for the use of a single question jury questionnaire similar to the questionnaire attached hereto as Exhibit A to explore juror biases concerning the award of money damages.

While the phrase "tort reform" may not be familiar to most jurors, the politicized topic of the award of civil damages has been a frequent issue in both state and national political campaigns. In the undersigned counsel's experience, it is difficult, through open *voir dire*, to ferret out biases the jurors might bring into the courtroom, either to automatically award money damages or to automatically deny money damages. The attached questionnaire solves that problem, as it is likely, through answer 1(a) or 1(d), to reveal jurors who have strong feelings either way: that money damages should automatically be awarded or that our society is too litigious.

It will take very little time for the jury panel to fill out this questionnaire and Plaintiff asks the Court to utilize the questionnaire at jury selection in this matter on January 5, 2016. Plaintiff notes that the identical questionnaire has been used in trials in Washington, Hancock, and Penobscot County by Justices Robert Murray and William Anderson.

      The simple one question questionnaire Plaintiff has proposed will actually save valuable court time.  Whether the answer to any particular question is grounds for a challenge for cause or a preemptory challenge can be decided at sidebar.  However, the questionnaire is more apt to elicit a full and complete response than an open question in court.  Moreover, the very response to an open question in court might prejudice the jury panel if one juror decides to sound off on celebrated jury verdicts such as the verdict against McDonald's for spilled coffee, etc.

      The parties, after a brief 20 minute review of the questionnaires, might challenge for cause jurors who answered 1(a) (suggesting that a case that has proceeded this far likely involves a plaintiff who is entitled to money damages) or answered 1(d) (expressing an opinion that our society is too litigious).  Alternatively, the Court could simply allow counsel to inquire of those jurors in the privacy of sidebar.

Dated:  December 11, 2015                            /s/ Erik M. P. Black
                                                          Erik M. P. Black, Esq.; BRN 4733
                                                          Arthur J. Greif, Esq.; BRN 2551
                                                          Julie D. Farr, Esq.; BRN 8161
                                                          Gilbert & Greif, P.A.
                                                          82 Columbia Street
                                                          P.O. Box 2339
                                                          Bangor, Maine 04402-2339
                                                          Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

      I, Erik M. P. Black, Esq., attorney for Plaintiff, hereby certify that on this date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all registered participants.

Dated:  December 11, 2015                            /s/ Erik M. P. Black
                                                          Erik M. P. Black, Esq.
                                                          Attorney for Plaintiff