UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BARBARA A. MCINTYRE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Docket No.: 1:14-cv-00083-DBH |
| v. | ) | |
| | ) | |
| AFFILIATED LABORATORY, INC., et al.,) | | |
| | ) | |
| Defendants | ) | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

NOW COMES the Plaintiff, Barbara McIntyre, by and through her attorneys, Gilbert &

Greif, P.A., and submits the following proposed jury instructions.

Dated at Bangor, Maine this 11th day of December, 2015.

*/s/ Erik M. P. Black*
Erik M. P. Black, Esq.
Arthur J. Greif, Esq.
Julie D. Farr, Esq.
GILBERT & GREIF, P.A.
P.O. Box 2339
82 Columbia Street
Bangor, ME 04402-2339
Attorneys for Plaintiff

1

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1**

**BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

The burden is on the plaintiff in a civil action to prove each element of her claim by a preponderance of the evidence.

To "establish by a preponderance of the evidence" means to prove that something is more likely than not. In other words, a preponderance of the evidence means evidence which, after evaluating all the evidence presented to you, makes you believe what is sought to be proved is more likely true than not true.

In determining whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Alexander, <u>Maine Jury Instructions</u>, § 7-11

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2**

**EMPLOYMENT DISCRIMINATION - FAILURE TO ACCOMMODATE DISABILITY**

Barbara McIntyre accuses Affiliated Labs of failure to accommodate her disability and disability discrimination.  She also claims that Affiliated Labs discriminated against her on the basis of a disability when it terminated her employment on August 21, 2012.  Under the law, employers are prohibited from discharging an employee on the basis of a disability. The law also requires employers to provide reasonable accommodation to employees who are disabled unless the accommodation would impose an undue hardship on the employer.

To succeed on her claim of failure to accommodate her disability, Ms. McIntyre must prove by a preponderance of the evidence all of the following:

First, that she is a qualified individual with a disability;

Second, that Affiliated Labs, despite knowing of Ms. McIntyre's physical limitations, did not reasonably accommodate those limitations; and

Third, that Affiliated Labs's failure to do so affected the terms, conditions, or privileges of ms. McIntyre's employment.

If Ms. McIntyre fails to establish all of these things, your verdict must be for Affiliated Labs on her claim of failure to accommodate her disability.

5 M.R.S.A. §§ 4553(2)(E)
Higgins v. New Balance Ath. Shoe, Inc., 194 F.3d 252, 263-64 (1st Cir. 1999).

3

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3**

**EMPLOYMENT DISCRIMINATION – ADVERSE ACTION
BECAUSE OF A DISABILITY**

The plaintiff, Barbara McIntyre, has alleged that Defendant took an adverse employment action against her because she had or was regarded as having a physical disability.  It is against the law to take an adverse employment action against an employee because she has a physical disability or is regarded as having a physical disability.  You must put aside any ideas or notions you may have about what is or is not a "disability."  I will define the term for you. Under Maine law a physical disability is a physical impairment that either substantially limits one or more of a person's major life activities or significantly impairs her physical health. Significantly impairing a person's physical health refers to a condition having an actual or expected duration of more than six months and impairing that person's health to a significant degree as compared to what is ordinarily experienced in the general population. A person is disabled under Maine law if she (1) has a physical disability; (2) has a record of a physical disability; or (3) is regarded as having a physical disability.

To succeed on her claim, Barbara McIntyre has the burden of proving by a preponderance of the evidence that she had a physical disability, had a record of a physical disability, or was regarded by the defendant as having a physical disability, and that that disability or perceived disability was a motivating factor in the decision to take an adverse employment action against her. To prove that her disability was a motivating factor in the decision to take an adverse employment action against her, Barbara McIntyre is not required to prove that her disability was the sole motivation or the primary motivation for Defendant's decision, but she must prove by a

4

preponderance of the evidence that her disability actually made a difference in causing Defendant

to take an adverse employment action against her. Barbara McIntyre is not required to produce

direct evidence of unlawful motive. Intentional discrimination, if it exists, is seldom admitted,

but is a fact that you may infer from the existence of other facts. You may find that Plaintiff's

disability or the Defendant's perception of Plaintiff's disability was a motivating factor if you

find that Defendant's stated reasons for its decision are not the true reasons, but are a pretext to

hide disability discrimination.

5 M.R.S.A. § 4553-A
<u>Postal Service Bd of Governors v. Aikens</u>, 460 U.S. 711, 716 (1983)
Model Jury Instructions, 8th Circuit, Instruction 5.91
Judge Hornby, Draft of Proposed Pattern Jury Instructions for Cases of Employment
Discrimination, Section 1.1

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4

## MORE DETAILED RULES OF LAW

### A. ADVERSE EMPLOYMENT ACTION

An "adverse employment action" is one that, standing alone, actually causes damage, tangible or intangible, to an employee. The fact that an employee is unhappy with something her employer did or failed to do is not enough to make that act or omission an adverse employment action. An employer takes adverse action against an employee only if it (1) takes something of consequence away from the employee, for example by discharging or demoting the employee, reducing her salary, or taking away significant responsibilities; or (2) fails to give the employee something that is a customary benefit of the employment relationship, for example, by failing to follow a customary practice of considering the employee for promotion after a particular period of service. Whether an action is materially adverse should be judged from the perspective of a reasonable person in plaintiff's position, considering all the circumstances.

Judge Hornby, Draft of Proposed Pattern Jury Instructions for Cases of Employment
Discrimination, Section 3.1
29 C.F.R. § 1630.4

### B.  ESSENTIAL FUNCTIONS OF A JOB

"Qualified" means that an employee was able, with or without reasonable accommodation, to perform the essential functions of the employment position in question. Essential functions are the fundamental duties of a position, as opposed to the marginal functions of the position. If the plaintiff can perform the essential functions of the job, she cannot be denied a job because she cannot do things that are only marginal to the job.

To determine whether a function is essential to the job, you must consider:

(1) whether employees in the position are actually required to perform the function claimed to be essential. If employees are not actually required to perform the function, it is not an essential function.

(2) if a job function is actually being performed, the next consideration is whether removal of that job function might be considered essential:

(A) the position exists to perform the function;

(B) there are a limited number of other employees available to perform the function, or among whom the function can be distributed; and

(C) a function is highly specialized and the person in the position is hired for special expertise or ability to perform it.

In order to decide what the essential functions of the job are, you may consider, but are not limited to, the following factors: (a) Affiliated Labs's judgment as to which functions of the job are essential; (b) written job descriptions; (c) the amount of time spent on the job performing the function in question; (d) the consequences of not requiring the employee to perform the function; (e) the past and current work experience of people who have held the job; (f) whether the employer actually requires employees to perform functions that the employer asserts are essential; (g) if so, whether removing the function would fundamentally alter the position; (h) the number of other employees available to perform that job function or among whom the performance of the job function may be distributed; and (i) the degree of skill or expertise required to perform the function. No one of these factors is necessarily controlling and you are not required to accept the employer's judgment on this issue. You should consider all of the evidence in deciding whether a job function is essential. In determining whether plaintiff is a

7

qualified person with a disability, you should consider the plaintiff's history of performing the job in question or a like job.

Judge Hornby, Draft of Proposed Pattern Jury Instructions for Cases of Employment
Discrimination, Section 3.1
29 C.F.R. § 1630.2(n)
56 Fed. Reg. 35,743 (1991)
H.R. Conf. Rep. No. 101-596, 101st Cong., 2d Sess. 58 (1990)
Gillen v. Fallon Ambulance Service, Inc., 283 F.3d 11 (1st Cir. 2002)
Ward v. Massachusetts Health Research Inst., Inc., 209 F.3d 29 (1st Cir. 2000)
Hall v. United States Postal Serv., 857 F.2d 1073 (6th Cir. 1988)
Treadwell v. Alexander, 707 F.2d 473 (11th Cir. 1983)
Doane v. City of Omaha, 115 F.3d 624 (8th Cir. 1997)
EEOC v. United Parcel Serv., 149 F.Supp.2d 1115 (N.D.Calif. 2000)

## C.  REASONABLE ACCOMMODATION

A "reasonable accommodation" is a modification or adjustment to the work environment or to the manner in which a job is performed. A reasonable accommodation may include making existing facilities used by employees readily accessible to and useable by individuals with disabilities, job restructuring, part-time or modified work schedule, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment of an employer's policies, or eliminating or reassigning non-essential job functions. A reasonable accommodation does not include changing or eliminating any of the essential functions of the job. It is a violation of the law for an employer to fail to make reasonable accommodations to the known physical limitations of an otherwise qualified person with a disability.

Reasonable accommodation is best understood as a means by which barriers to the equal employment opportunity of an individual with a disability are removed or alleviated. The purpose of the reasonable accommodation requirement is to provide a person with a disability the opportunity to attain the same level of achievement that a person of comparable ability without a

8

disability has the opportunity to achieve. You may consider that purpose in evaluating the

reasonableness of the Defendant's conduct.

Once the Plaintiff demonstrates the existence of a plausible accommodation, the burden is

on the Defendant to prove that the proposed accommodation is unreasonable.

Judge Hornby, Draft of Proposed Pattern Jury Instructions for Cases of Employment
Discrimination, Section 3.1, 3.2
29 C.F.R. § 1630.2(o)
American Fed'n of Gov't Employees, Local 51 v. Baker, 677 F.Supp. 636 (N.D.Cal. 1987)
EEOC v. AIC Security Investigations, Ltd., 55 F.3d 1276, 1284 (7th Cir. 1995)
2 Goodman, Employee Rights Litigation § 5A.04(3)
Holbrook v. City of Alpharetta, 911 F.Supp. 1524 (N.D.Ga.1995), aff'd 112 F.3d 1522
Stone v. City of Mt. Vernon, 118 F.3d 92, 94 (2nd Cir. 1997)

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5

## ACCOMMODATIONS

The law provides that there is a shared responsibility between employers and employees to resolve accommodation requests.  First, a disabled employee must initiate the process by making an employer aware of the need, providing relevant details of the disability and, if not obvious, explaining why an accommodation is required.  However, once the employer is made aware of the legitimate need for an accommodation, the burden is then on the employer, which must make a reasonable effort to determine the appropriate accommodation.  In other words, once the request to accommodate is triggered, the company has an obligation to explore possible accommodations through the interactive process I am also instructing you about.


EEOC v. Convergys Customer Management Group, Inc., 491 F.3d 790 (8th Cir. 2007).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6**

**EMPLOYMENT DISCRIMINATION - INTERACTIVE PROCESS**

"Interactive process." In order to demonstrate good faith efforts to identify and make a reasonable accommodation, an employer must show that it engaged in a flexible interactive process of consultation with the employee. The employer must have knowledge that reasonable accommodation is required. Therefore, it is generally the responsibility of the plaintiff to request the provision of a reasonable accommodation. Once the plaintiff has made such a request, the parties must engage in an "interactive process" in which the employer and the employee must work together in good faith to determine what precise accommodations are necessary. This interactive process "requires a great deal of communication between the employee and employer." An employer's refusal to participate in the process may itself constitute evidence of a violation of law. An employer's failure to engage in an informal interactive process would constitute a failure to provide a reasonable accommodation that amounts to a violation of the Maine Human Rights Act and the Americans with Disabilities Act.  An employer cannot require an employee to be 100% healed or have all restrictions removed before the employer attempts to find a reasonable accommodation for the employee. Consequently, once an employee shows that an accommodation is possible, the burden shifts to the employer to show that the accommodation would create an undue hardship.

Reed v. LePage Bakeries, Inc., 244 F.3d 254 (1st Cir. 2001).
Barnett v. U.S. Air, 228 F.3d 1105 (9th Cir. 2000)
Calero-Cerezo v. U.S. Dept. of Justice, 355 F.3d 6 (1st Cir. 2004).
Garcia-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638 (1st Cir. 2000),
Canny v. Dr. Pepper/Seven-Up Bottling Group, Inc., 439 F.3d 894 (8th Cir. 2006)
Jacques v. Clean-Up Group, Inc., 96 F.3d 506 (1st Cir. 1996)
Higgins v. New Balance Ath. Shoe, Inc., 194 F.3d 252, 264 (1st Cir. 1999)

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7

## UNDUE HARDSHIP

An "undue hardship" is an action that would create significant difficulty or expense for the employer, considering the nature and cost of the accommodation, the overall financial resources of the employer, the effect of the accommodation on expenses and resources, and the impact of the accommodation on the operation of the employer, including the impact on the ability of other employees to perform their duties and the impact on the employer's ability to conduct business. However, objections or complaints by fellow employees, in and of themselves, do not constitute an undue hardship in the conduct of the employer's business. If employees are disgruntled because an employer accommodates its work rules or procedures to the accommodation needs of one employee, such grumbling must yield to the disabled employee's right to employment despite her disability.

Judge Hornby, Draft of Proposed Pattern Jury Instructions for Cases of Employment Discrimination, Section 3.2
Holt v. Olmsted Tp. Bd. of Trustees, 43 F.Supp.2d 812, 824 (N.D. Ohio 1998).

12

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8**

**FAMILY MEDICAL LEAVE RETALIATION**

Plaintiff Barbara McIntyre also claims that Affiliated Labs terminated her employment in retaliation for her exercise of her right to take Family Medical Leave. To prove her claim for retaliation, Ms. McIntyre must prove by a preponderance of the evidence that: 1) she availed herself of a protected right under the Family Medical Leave laws; 2) she was adversely affected by an employment decision; and 3) there her protected conduct was a motivating factor in the decision to take an adverse employment action against her. To prove that her protected conduct was a motivating factor in the decision to take an adverse employment action against her, Barbara McIntyre is not required to prove that her exercise of her rights under the Family Medical Leave laws was the sole motivation or the primary motivation for Defendant's decision, but she must prove by a preponderance of the evidence that her protected conduct actually made a difference in causing Defendant to take an adverse employment action against her. Barbara McIntyre is not required to produce direct evidence of unlawful motive. Intentional discrimination, if it exists, is seldom admitted, but is a fact that you may infer from the existence of other facts. You may find that Plaintiff's protected conduct under the Family Medical Leave laws was a motivating factor if you find that Defendant's stated reasons for its decision are not the true reasons, but are a pretext to hide retaliation.

If you find in favor of Ms. McIntyre on her claim of Family Medical Leave retaliation, you will next consider whether Affiliated Labs' conduct was willful. To find that Affiliated Labs' conduct was willful, you would need to find that the conduct was not undertaken in good faith, and that Affiliated Labs did not have reasonable grounds for believing that its conduct was not in

13

violation of the law.

<u>Pagan-Colon v. Walgreens of San Patricio, Inc.</u>, 697 F.3d 1 (1st Cir. 2012)

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9**

**EMPLOYMENT DISCRIMINATION - DAMAGES**

I am now going to instruct you on damages.   The fact that I instruct you as to the proper measure of damages does not suggest any view as to which party is entitled to your verdict in this case.  Damages instructions are given for your guidance, in the event you should find in favor of Ms. McIntyre by a preponderance of the evidence in accordance with the liability instructions. You must not make a compromise between the liability and damages issues.  You must determine the liability issue first.  You should proceed to the damages issue only if you have determined that the defendant's liability is proven.

Any damages you award in this case must be based upon the evidence and on a finding by you that Ms. McIntyre has convinced you by a preponderance of the evidence that she has been damaged as she claims to have been damaged.  Ms. McIntyre need not prove her damages to a mathematical certainty.  However, your award, if any, should be supported by evidence of the damages suffered by the plaintiff as a result of the conduct for which you find the defendant is liable.  Damages may not be awarded on the basis of guesswork or speculation, nor on the basis of passion, prejudice, or sympathy.

I am going to instruct you on several different categories of damages. What damages can be awarded depends on which, if any, of Ms. McIntyre's claims you find in her favor. If you find in favor of Ms. McIntyre on any of her claims, you may award her back pay and lost fringe benefits. Only if you find in favor of Ms. McIntyre on her claims for failure to accommodate her disability or disability discrimination could you award her the other types of damages, which are compensatory damages, nominal damages, and punitive damages. I will be providing you with a

15

verdict form to guide you in your assessment of the claims and any damages that you may award.

### A.    BACK PAY AND LOST FRINGE BENEFITS

Ms. McIntyre seeks to recover damages for back pay and lost fringe benefits from the date of her termination through the date of your verdict.  Calculating back pay in this matter requires you to determine the gross wages that Ms. McIntyre would have earned but for any employment discrimination and subtract from that any earnings Ms. McIntyre has had in that same period.

Lost fringe benefits are determined by the monies Ms. McIntyre has spent for fringe benefits that she would not have spent had he not been terminated.  It is not the value of what the employer would have paid for those fringe benefits but the actual out-of-pocket costs that Ms. McIntyre has incurred to obtain replacement fringe benefits.

Ginn v. Kelley Pontiac-Mazda, Inc., 2004 ME 1, 841 A.2 785;
Walsh v. Town of Millinocket, 2011 ME 99, 28 A.3d 610.

### B.    COMPENSATORY DAMAGES

Ms. McIntyre seeks to recover damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other non-economic losses.

I will first tell you what is not included in this concept and will then instruct you on some factors you may consider.  You must not consider any lost wages or fringe benefits.  The law requires that I as the judge determine the amount of any lost wages and fringe benefits that Ms. McIntyre shall recover if you find Affiliated Labs liable.  In calculating damages, you must also not consider distress arising from this lawsuit, or legal expenses incurred in this lawsuit. You must determine instead what other loss, if any, Ms. McIntyre has suffered or will suffer in the

16

future caused by any disability discrimination that you find Affiliated Labs has committed. You may award damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other non-economic losses if you determine that Ms. McIntyre has proven by a preponderance of the evidence that she has experienced any of these consequences as a result of disability discrimination.

No evidence of the monetary value of intangible things like emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other non-economic losses is available and there is no standard I can give you for fixing any compensation to be awarded for these injuries. Even though it is obviously difficult to establish a standard of measurement for these damages, that difficulty is not grounds for denying a recovery on this element of damages. You must, therefore, make the best and most reasonable estimate you can, not from a personal point of view, but from a fair and impartial point of view, of the amount of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other non-economic losses you find that Ms. McIntyre has undergone and can probably be expected to suffer in the future as a result of Affiliated Labs's conduct. And you must place a money value on this, attempting to come to a conclusion that will be fair and just to both of the parties. This will be difficult for you to measure in terms of dollars and cents, but there is no other rule I can give you for assessing this element of damages.     In awarding such compensatory damages, you should understand that the emotional distress and related damages need not be severe to be compensable. The Maine Supreme Court has decided that the damages at issue here require a "low threshold of evidence for awarding damages."

If you find that Ms. McIntyre is entitled to compensatory damages for losses that will

17

occur in the future, you will have to reduce this amount, whatever it may be, to its present worth. The reason for this is that a sum of money that is received today is worth more than the same money paid out in installments over a period of time, since a lump sum today, such as any amount you might award in your verdict, can be invested and earn interest in the years ahead. Ms. McIntyre has the duty to mitigate her damages - that is, to take reasonable steps that would reduce the damages.  If she fails to do so, then she is not entitled to recover any damages that she could reasonably have avoided incurring.  Affiliated Labs has the burden of proving by a preponderance of the evidence that Ms. McIntyre failed to take such reasonable steps.

Model Jury Instructions, 8th Circuit, Instruction 5.02
Kopenga v. Davric Maine Corp., 727 A.2d 906, 910 (Me. 1999)
5 M.R.S.A. § 4613(2)(B)(8)(e)
Alexander, Maine Jury Instruction Manual, Instruction 209 (3rd ed. 2000).
Judge Hornby, Draft of Proposed Pattern Jury Instructions for Cases of Employment Discrimination, Section 9.1

### C.    NOMINAL DAMAGES

If you find, after considering all the evidence presented, that Affiliated Labs failed to accommodate Ms. McIntyre's disability or terminated her employment because of her disability, but that she suffered no injury as a result of this violation, you may award her "nominal damages," such as one dollar ($1.00) or some other minimal amount.  "Nominal damages" are awarded as recognition that the plaintiff's rights have been violated.  You would award nominal damages if you were to conclude that the only injury that Ms. McIntyre suffered was the violation of her rights under the law without any resulting physical, emotional, or financial damage. You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in

18

pure speculation and guesswork.

You may not award both nominal and compensatory damages to a plaintiff; either she was measurably injured, in which case you must award compensatory damages, or else she was not, in which case you may award nominal damages.

Judge Hornby, Draft of Proposed Pattern Jury Instructions for Cases of Employment Discrimination, Section 9.1

### D.     PUNITIVE DAMAGES

If you have awarded compensatory or nominal damages, you may also award punitive damages to Ms. McIntyre under some circumstances.  To obtain punitive damages, Ms. McIntyre must prove by clear and convincing evidence that in failing to accommodate her disability or by terminating her employment, Affiliated Labs either knew that its actions violated Maine law or acted with reckless or callous indifference to that risk. Reckless indifference is shown if the plaintiff demonstrates that the employer engaged in the conduct alleged with the knowledge that it may be acting in violation of the law. An employer must at least discriminate in the face of a perceived risk that its actions will violate the law to be liable for punitive damages.

If Ms. McIntyre satisfies this requirement, it is entirely up to you whether or not to award punitive damages.  But it should be presumed that Ms. McIntyre has been made whole by compensatory damages, so you should award punitive damages only if Affiliated Labs's culpability is so reprehensible as to warrant further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the amount to be awarded is within your sound discretion.  The purpose of a punitive damage award is to punish a defendant or deter a defendant

19

and others from similar conduct in the future.  Factors you may consider include, but are not limited to, the nature of Affiliated Labs's conduct (how reprehensible or blameworthy was it), the impact of that conduct on Ms. McIntyre, the ratio between the actual compensatory damages and the punitive damages, the relationship between Ms. McIntyre and Affiliated Labs, the likelihood that Affiliated Labs or others would repeat the conduct if the punitive award is not made, and any other circumstances shown by the evidence, including any mitigating or extenuating circumstances that bear on the size of such an award.

Any punitive damages that you may choose to award should bear some relation to the character of the defendant's actions, along with the nature and extent of the harm to the plaintiff that the defendant caused. The financial position of the defendant is also relevant. The award should be considered in the context of the defendant's monetary resources. The amount of punitive damages should "sting" but not "destroy" the defendant. The following factors are relevant in determining a defendant's financial position. Note, however, that this list is not exclusive and other relevant factors may also be considered:

    1.  The revenues and liabilities of defendant;

    2.  The fair market value of defendant's assets;

    3.  The amount of liquid assets on hand, which includes amounts that they can reasonably borrow; and

    4.  The defendant's propensity to generate income in the future.

Model Jury Instructions, 8th Circuit, Instruction 5.02
Judge Hornby, Draft of Proposed Pattern Jury Instructions for Cases of Employment Discrimination, Section 10.1
Kolstad  v. American Dental Ass'n, 527 U.S. 526, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999).
Alexander's Maine Jury Instruction Manual, Sec. 7-114 (2014 Ed.)

<u>CERTIFICATE OF SERVICE</u>

I, Erik M. P. Black, Esq., attorney for Plaintiff, hereby certify that on this date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all registered participants.


Dated:   December 11, 2015                    <u>*/s/ Erik M. P. Black*          </u>
                                              Erik M. P. Black, Esq.
                                              Attorney for Plaintiff

21