UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BARBARA McINTYRE, ] | |
| ] | |
|    Plaintiff ] | |
| ] | |
| v. ] | Civil Action No. 1:14-cv-00083-DBH |
| ] | |
| AFFLIATED LABORATORY, INC., ] | |
| et al., ] | |
| ] | |
|    Defendants ] | |

## TRIAL BRIEF OF DEFENDANTS

Defendants Affiliated Laboratory, Inc. ("ALI") and Affiliated Healthcare Systems ("AHS"), present their Trial Brief as follows. As a preliminary matter, Defendants understand from counsel for Plaintiff that Plaintiff will voluntarily dismiss her claims against AHS, and proceed to trial only against ALI. The balance of this Trial Brief, and Defendants' other filings, proceed upon that understanding.

1. **Claims and Defenses**.

Plaintiff was employed by ALI as a phlebotomist or senior phlebotomist from 2003 to 2012. She alleges she sought medical attention for a hernia in October, 2011, had hernia surgery in December, 2011, the hernia returned thereafter, and she had a second hernia surgery in July, 2012. She alleges that on August 21, 2012 she was cleared to return to work but restricted to triage desk duties and not on patient floors for four weeks. She alleges she asked for this work restriction as an accommodation, but Defendants refused her request and terminated her employment. She alleges she asked to speak further with her doctor to clarify her restrictions, but Defendants refused.

**Count I** asserts that Plaintiff had a disability, a record of disability, and was regarded as having a disability under the federal Americans With Disabilities Act ("ADA") and the Maine Human Rights Act ("MHRA"). She asserts that Defendants failed to provide reasonable accommodation and terminated her employment in violation of her ADA and MHRA rights.

As to Count I, Defendants note that Plaintiff's Complaint, never amended, makes no mention of or reference to a condition of migraine headaches as constituting a disability. Her MHRC and EEOC filings likewise made no mention of a migraine headache condition as constituting a disability. Her sole alleged disability in her Complaint is related to a hernia condition and recovery from hernia surgery. Under F.R. Civ. P. 15(b)(2), Defendants expressly withhold consent to trial of issues not raised in the pleadings.

Maine law and federal law define disability differently. Under the Maine Human Rights Act, 5 M.R.S. §4553-A(1), "physical or mental disability" means a physical or mental impairment that substantially limits one or more of a person's major life activities, significantly impairs physical or mental health, or requires special education, vocational rehabilitation or related services. The term also encompasses one who has a record of such a condition, or who is regarded as having or as likely to develop such a condition. The phrase "significantly impairs physical or mental health" means having an actual or expected duration of more than six months and impairing health to a significant extent as compared to what is ordinarily experienced in the general population.

Under the ADA, as amended, 42 U.S.C. §12102(1), the term "disability" means, with respect to an individual, (A) a physical or mental impairment that substantially limits one or more major life activities of such individual, (B) a record of such an impairment, or (C) being regarded as having such an impairment. For purposes of being regarded as having an

impairment, the impairment cannot be transitory and minor. A transitory impairment is an impairment with an actual or expected duration of six months or less. 42 U.S.C. §12102(3).

Both laws prohibit an award of compensatory or punitive damages when a discriminatory practice involves the provision of a reasonable accommodation and the employer "demonstrates good faith efforts, in consultation with the person with the disability who has informed the covered entity that accommodation is needed, to identify and make a reasonable accommodation that would provide that individual with an equally effective opportunity and would not cause an undue hardship on the operation of the business." 5 M.R.S. §4613(2)(B)(8)(b) and 42 U.S.C. §1981a (a)(3).

**Defenses to Count I** include, in summary, the following:

1. Plaintiff's temporary hernia condition was not a disability.

2. Plaintiff had no disability that required accommodation.

3. Plaintiff was not able to do the triage desk duties safely.

4. The triage desk was not a position itself, but a set of duties within the phlebotomist position.

5. Plaintiff was not able to perform the essential functions of her position with the requested accommodation.

6. Plaintiff did not request additional leave, and had previously exhausted both statutory and non-statutory leaves.

7. Terminating Plaintiff's employment and inviting her to reapply promptly when she was able to perform the essential duties of the phlebotomist position did not constitute discrimination because of disability or denial of reasonable accommodation.

8. Defendant ALI acted in good faith for legitimate nondiscriminatory business reasons, without malice or discriminatory animus toward Plaintiff. Plaintiff's remedies are limited accordingly. No punitive damages are available as the standard for such damages is not met.

9. Compensatory and punitive damages are barred under 5 M.R.S. §4613(2)(B)(8)(b) and 42 U.S.C. §1981a (a)(3) due to good faith efforts to accommodate Plaintiff.

10. Defendants are not liable to Plaintiff because the qualification standards to perform the phlebotomist position are job-related and consistent with business necessity, and performance of the essential duties of the position could not be accomplished by reasonable accommodation, under 5 M.R.S. §4573-A(1) and 42 U.S.C. §12113(a).

14. Defendants are not liable to Plaintiff because the qualification standards to perform triage desk duties include the ability to respond without advance notice to Doctor "STAT" calls, which Plaintiff could not do without posing a direct threat to the health or safety of patients, under 5 M.R.S. §4573-A(1-A) and 42 U.S.C. §12113(b).

15. Defendants are not liable to Plaintiff under because Plaintiff was not able to perform the duties of her phlebotomist position, and was not able to perform those duties in a manner that would not endanger the health or safety of the individual or others, under 5 M.R.S. §4573-A(1-B) and 42 U.S.C. §12113(b).

16. Plaintiff was and is not a qualified individual with a disability under 5 M.R.S. §§4553(8-D) and 4553-A and 42 U.S.C. §12111(8).

17. To permit Plaintiff to work at the triage desk as she requested would have been an undue hardship.

18.Plaintiff was not entitled to reasonable accommodation on the basis of being regarded as an individual with a disability, under 29 C.F.R. §1630.9(e).

19.Plaintiff failed to reapply and failed to mitigate her damages.

20.Plaintiff has asserted that she is unable to engage in any substantial gainful work activity, and accordingly is not eligible for back pay, reinstatement or front pay.

**Count II** asserts that prior to Plaintiff's hospital stay that began on July 8, 2012, she had sought and had been granted leave under state and federal family and medical leave laws, but that she had exhausted her ability to take further leave under state and federal family and medical leave laws from July 8, 2012 through the date of her termination. She alleges she was terminated in retaliation for her previous exercise of protected leave rights under federal and state law.

**Defenses to Count II** include the following:

1.Plaintiff had fully exhausted all federal and state leave law rights a significant period of time before any adverse employment action.

2.No causal connection exists between Plaintiff's use of leave law rights and her termination.

3.Plaintiff failed to reapply and failed to mitigate her damages.

4.Plaintiff is not entitled to liquidated damages under the federal FMLA pursuant to 29 U.S.C. §2617(a)(1)(A)(iii). Defendants did not violate 29 U.S.C. §2615.

5.Defendants at all times acted in good faith, with reasonable grounds to believe they did not violate federal or state leave laws, including 29 U.S.C. §2615.

Dated: December 11, 2015*/s/ Frank T. McGuire*
Frank T. McGuire, Esq.

*/s/ Matthew M. Cobb*
Matthew M. Cobb, Esq.

>Rudman & Winchell
>Attorneys for Defendants
>P.O. Box 1401
>Bangor, ME  04402-1401
>(207)947-4501

## CERTIFICATE OF SERVICE

I, Frank T. McGuire, attorney for Defendants Affiliated Laboratory, Inc. and Affiliated Healthcare Systems, certify that on October 28, 2015, I electronically filed the foregoing Trial Brief of Defendants with the Clerk of Court using the CM/ECF system which will send notification of such filing to Erik M.P. Black, Julie D. Farr, and Arthur J. Greif, counsel for Plaintiff.

>*/s/ Frank T. McGuire*
>Frank T. McGuire, Esq.