
# UNITED STATES DISTRICT COURT
# District of Maine

| | |
|---|---|
| BARBARA A. MCINTYRE ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:14-cv-00083-JCN |
| v. ) | |
| ) | |
| AFFILIATED LABORATORY, INC., ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER ON BILL OF COSTS

Pursuant to Federal Rule of Civil Procedure 54, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . .should be allowed to the prevailing party."  Fed R. Civ. P. 54(d)(1).  As determined by the Court, Defendant Affiliated Laboratory, Inc. is the prevailing party in this case.  *Judgment*, (ECF No. 103).  As Plaintiff has noted, the other defendant in this case, Affiliated Healthcare Systems, was dismissed as a defendant prior to trial.  *Order*, (ECF No. 80).  Rule 54(d) and 28 U.S.C. § 1920 "work in tandem" to enumerate what the Court may tax as costs.  *In re Two Appeals Arising Out of the San Juan DuPont Plaza Hotel Fire Litig.*, 994 F.2d 956, 962 (1st Cir. 1993).  The expenses that may be taxed are specified in 28 U.S.C. § 1920, but the costs must be "necessarily incurred in the case," pursuant to 28 U.S.C. § 1924.  Costs may include fees for printed or electronically recorded transcripts necessarily obtained for use in the case.  28 U.S.C. § 1920(2).  Defendant seeks costs in the total amount of $1,622.90 for transcript fees.  Plaintiff has objected to the Bill of Costs on the basis of financial

hardship, alleged deficiencies with the filing of the Bill and her disagreement with the propriety of certain claimed costs. *Response to Bill of Costs*, (ECF No. 108). Having made an independent review of Defendant's Bill of Cost as well as Plaintiff's response in opposition, the Clerk of Court DENIES Defendant's Bill of Costs by concluding that the imposition of costs would work a substantial financial hardship on this Plaintiff.

The First Circuit has interpreted Rule 54(d) as creating a presumption in favor of taxation of costs for the prevailing party. *Papas v. Hanlon*, 849 F.2d 702, 704 (1st Cir. 1988) ("presumption inherent in Rule 54(d)"); *Am. Auto. Mfrs. Ass'n v. Comm'r, Mass. Dep't of Envtl. Prot.*, 31 F.3d 18, 28 (1st Cir. 1994) ("Prevailing parties are normally entitled to costs.") and *In re Two Appeals*, 994 F.2d at 962 ("[T]his negative discretion . . . operates in the long shadow of a background presumption favoring cost recovery for prevailing parties."). However, the First Circuit has also said that "a district court may…exercise its discretion to disallow a prevailing party's bill of costs in whole or in part…[if it] articulat[es] reasons." *In re Two Appeals*, 994 F. 2d at 963. The First Circuit has noted that a Court "may take into account the limited financial resources of a plaintiff in assessing costs." *Papas*, 849 F.2d at 704; accord *Mulvihill v. Spalding Worldwide Sports, Inc.*, 239 F. Supp. 2d 121 (D. Mass. 2002).

Determination of whether an indigency exception should be applied is dependent on the Clerk making "a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future."

*Palmquist v. Shinseki*, 2013 WL 4505716 at *4 (D. Me. 2013) quoting *Martinez v. Hongyi Cui*, 2009 WL 3298080 at *12-13 (D. Mass. 2009) (citation omitted). The burden is on the losing party to demonstrate why costs should not be awarded to the prevailing party and to provide sufficient documentation. *Id.* and *In re Ricoh Co., Ltd. Patent Litigation*, 661 F. 3d 1361, 1364 (Fed. Cir. 2011) [citing *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999)].

In this case, Plaintiff has more than met her burden of demonstrating that she is incapable of paying the court-imposed costs at this time or in the future. According to the facts set forth in Plaintiff's affidavit, Ms. McIntyre is a person of very modest means who lives with her daughter in her daughter's mobile home. *Affidavit of Barbara A. McIntyre* at ¶ 7, (ECF No. 108-1). She is unemployed and has not been significantly employed since the termination of her employment on August 21, 2012, that was the subject of the trial in this case. *Id.* at ¶2 and *Response to Bill of Costs* at p. 3, (ECF No. 108). McIntyre's only income is Social Security Disability Income in the amount of $1,483 per month with average monthly expenses of about $1,328.66. *Affidavit* at ¶¶4 and 7. While carrying over $12,000 in debt, Plaintiff has only approximately $1,166 in cash assets and does not own any other significant assets except a nine-year-old Toyota Camry that is reportedly worth about $8,000. *Id.* at ¶¶5, 6 and 9. Given Plaintiff's lack of employment prospects, her lack of positive net worth, her very limited assets and her sole income being dependent on the public fisc, the Clerk finds that it is appropriate to exercise the Court's discretion under Rule 54(d) to consider Plaintiff's

limited resources and concludes that the imposition of costs in this case would work a significant hardship on Plaintiff.

Defendant Affiliated Laboratory Inc.'s Bill of Costs is DENIED.

IT IS SO ORDERED.

/s/ Christa K. Berry
Clerk, U.S. District Court

Dated this 17th day of February, 2016